In re S.J.R.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-224-CV

IN THE INTEREST OF S.J.R., A CHILD 

------------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

We dismiss this appeal for want of jurisdiction because the notice of appeal was untimely filed.

On April 13, 2004, the trial court signed a final order adopting the associate judge’s report enforcing and modifying a child support obligation. Accordingly, any motion for new trial was due on May 13, 2004, and any subsequent notice of appeal was due on July 12, 2004.  
See
 
Tex. R. App. P.
 26.1(a).  Appellant Edward O’Brien, however, did not file his motion for new trial until May 21, 2004.  He then filed his notice of appeal on July 14, 2004. On July 19, 2004, we sent notice to O’Brien that his notice of appeal appeared to be untimely.  We stated that we would dismiss O’Brien’s appeal unless he informed this court by July 29, 2004 whether his motion for new trial was properly addressed, stamped, and mailed by United States Postal Service to the proper trial court clerk on or before May 13, 2004.  O’Brien responded on August 2, 2004.

In his response, O’Brien pointed out that the trial court’s April 13, 2004 final order was not filed with the district clerk until April 22, 2004.  He explained that he had received April 23, 2004 correspondence from the district clerk on April 25, 2004, informing him that the order had been signed on April 13, 2004.  O’Brien contends that, because the April 13, 2004 final order was not filed with the district clerk until nine days after it was signed, he was not timely informed that the trial court had signed the order.  He argues that he filed his motion for new trial within thirty days of the date the order was filed with the district clerk and that, consequently, his motion for new trial was timely and this court has jurisdiction.

Texas Rule of Civil Procedure 306a and Texas Rules of Appellate Procedure 4.2(a)(1) both set forth procedures applicable when a party does not receive notice or actual knowledge of a final judgment or appealable order.  
Tex. R. Civ. P.
 306a(4); 
Tex. R. App. P.
 4.2(a)(1).  The rules do not require that the party receive an actual copy of the judgment or order, but just that the party receive notice that the judgment or order was signed.  
Tex. R. Civ. P.
 306a(4); 
Tex. R. App. P.
 4.2(a)(1).  Under both rules, if a party receives notice of a judgment or appealable order more than twenty days, but less than ninety days, after it is signed, any time periods that normally run from the signing of the judgment or order will instead run from the date that the party received notice or acquired actual knowledge of the signed judgment or order.  
Tex. R. Civ. P.
 306a(4); 
Tex. R. App. P.
 4.2(a)(1). 

O’Brien 
admits that on April 25, 2004, he received correspondence dated April 23, 2004 informing him that the final order had been signed on April 13, 2004.  Because O’Brien received notice of the final order twelve days after it was signed, the procedural rules applicable to parties who do not receive notice of a judgment or order within twenty days after it is signed do not apply to him.  No rules exist permitting us to construe the twelve-day delay O’Brien experienced in obtaining notice of the final order as extending the time for filing his motion for new trial.  O’Brien’s motion for new trial was not timely filed and, absent a timely filed motion for new trial, his notice of appeal was due within thirty days of the date of the final order.  
See
 
Tex. R. App. P.
 26.1.  O’Brien’s notice of appeal was filed on July 14, 2004, more than thirty days after the April 13, 2004 final order.

The times for filing a notice of appeal are jurisdictional in this court, and absent a timely filed notice of appeal or an extension request, we must dismiss the appeal.  
See
 
Tex. R. App. P.
 25.1(b), 26.3; 
Verburgt v. Dorner
, 959 S.W.2d 615, 617 (Tex. 1997) (holding once extension period has passed, party can no longer invoke appellate court’s jurisdiction).  
O’Brien’s notice of appeal was not timely. 
 See
 
Tex. R. App. P.
 25.1(b).  We cannot suspend operation of the appellate rules to alter the time for perfecting an appeal in a civil case.  
Tex. R. App. P.
 2.  Accordingly, we dismiss this appeal for want of jurisdiction.

PER CURIAM

PANEL D: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED: August 26, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.